**ANDERSON, Plaintiff-Appellee, v. ALBERTS et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3814. Decided July 13, 1945.

C. F. Luckhart, Columbus, for plaintiff-appellee.
Howard H. Gillard, Columbus, for defendants-appellants.

## OPINION

By HORNBECK, P. J.

The appeal is on questions of law from a judgment of the Municipal Court in an action in forcible detention, ordering restitution to appellee of certain premises which appellants occupied.

The trial was had to Judge Matthias of the Columbus Municipal Court who, at the conclusion of the testimony, rendered an oral opinion which is carried into the transcript. The trial judge very properly points out that there was but one issue raised on the evidence, namely, the good faith of the plaintiff in asserting that she desired restitution

of the property for the purpose of living therein. The judge analyzed the evidence, alluded to the fact that good faith is a state of mind, and upon careful consideration concluded that plaintiff was acting in good faith.

The appeal raises but one question, namely, the weight of the evidence.

We have read the bill of exceptions in the cause in its entirety. The handicap upon the appellants in this Court upon the error assigned is too great to overcome. Upon consideration of the case in this Court the plaintiff has the advantage of certain presumptions, first, that the judgment of the trial court is correct; second, that the plaintiff was acting in good faith; finally, there is no direct evidence which impugns the good faith of the plaintiff.

Plaintiff and her husband both testified that they intended to move with their family into the property which is the subject of the action. Several good reasons appear why they would normally desire to move. They live some distance from their place of business which is in the same building in which defendants resided. They were living in a three room house. The premises to which they would move is a six room residence. Their family, so it is testified, will soon be increased by one member, namely, the father of the plaintiff who is an elderly man living alone. The son of the plaintiff and her husband is now of an age when he normally requires more room space than heretofore.

Against all of this there is but an inference to be drawn from the fact that a year before the present action was instituted the plaintiff assigned as a reason for regaining possession of the premises the purpose to remodel and had at no time indicated to the defendants any intention of moving into the building.

It is obvious that this Court could not, in the light of the testimony adduced by the plaintiff, reverse the finding and judgment of the trial court in determining that the plaintiff acted in good faith in her eviction proceedings.

Defendants were well represented in the trial court and here and the trial judge gave careful and detailed consideration to their defense. There is ample support for the judgment.

It will be affirmed.

GEIGER and MILLER, JJ., concur.